IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BOBBY DWAYNE WILLIAMS                                                                    PLAINTIFF

v.                          Civil No. 14-5257

STAFF REPORTERS OF THE
NORTHWEST ARKANSAS TIMES                                                            DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. Plaintiff is incarcerated in the Ouachita River Unit of the Arkansas Department of Correction.

The case is before me for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I. BACKGROUND

Plaintiff maintains his constitutional rights were violated when a "staff report" appeared in the Northwest Arkansas Times describing a lawsuit the Plaintiff had filed contending that his religious rights were being violated at the Washington County Detention Center. The article contained Plaintiff's picture and quoted portions of the complaint filed by the Plaintiff.

As relief, Plaintiff wants an apology as well as compensatory and punitive damages.

### II. DISCUSSION

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that:

(a) are frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "In evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" Jackson v. Nixon, 747 F.3d 537, 541 (8th Cir. 2014)(quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

The complaint is subject to dismissal for failure to state a claim.  First, the Defendants did not act under color of state law.  Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States.  Thus, in order to state a claim under 42 U.S.C. § 1983, plaintiff must allege that the defendant acted under color of state law and that he violated a right secured by the Constitution. West v. Atkins, 487 U.S. 42 (1988); Dunham v. Wadley, 195 F.3d 1007, 1009 (8th Cir.1999).  The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983. Daniels v. Williams, 474 U.S. 327 (1986); Davidson v. Cannon, 474 U.S. 344 (1986).

Private parties generally do not act under color of state law. Lugar v. Edmondson Oil Co. 457 U.S. 922, 935-937 (1982); Magee v. Trustees of Hamline University, Minn., 747 F.3d 532, 536 (8th Cir. 2014).  Reporters of private newspapers generally do not act under color of state law.  See e.g., Singletary v. Chalifoux, No. 13-cv-4205, 2013 WL 5348306, *2 (E.D.N.Y. Sept.

23, 2013); Morton v. Greenwood City Police Dept., No. 8:13-1243, 2013 WL 4042186 (D.S.C. Aug. 7, 2013); Thompson v. Miller, No. 1:13-cv-1802, 2013 WL 3871676 (July 25, 2013). In this case, there is no allegation that the reporters acted pursuant to an agreement with a governmental entity, conspired with governmental actors, or were cloaked with the authority of the state. Plaintiff has failed to state a claim against the Defendants.

Second, "defamation, per se, is not actionable under section 1983." Underwood v. Pritchard, 638 F.2d 60, 62 (8th Cir. 1981); see also Wade v. Goodwin, 843 F.2d 1150, 1152 (8th Cir. 1988)(A cause of action for damage to character or reputation is not cognizable under § 1983). The Supreme Court has held that a person's interest in his reputation is not considered liberty or property protected by the due process clause. Paul v. Davis, 424 U.S. 693 (1976). Thus, "regardless of whom a plaintiff chooses to sue, section 1983 does not address an alleged injury to reputation." Idema v. Wager, 120 F. Supp. 2d 361, 371 (S.D.N.Y. 2000), aff'd 29 Fed. Appx. 676 (2d Cir. 2002).

Plaintiff also maintains the story exposed private matters to public scrutiny. A right to confidentiality against "public dissemination of information is limited and extends only to highly personal matters representing the most intimate aspects of human affairs." Eagle v. Morgan, 88 F.3d 620, 625 (8th Cir. 1996)(internal quotation marks and citation omitted). "[T]o violate [a person's] constitutional right of privacy the information disclosed must be either a shocking degradation or an egregious humiliation of [him] to further some specific state interest, or a flagrant brea[a]ch of a pledge of confidentiality which was instrumental in obtaining the personal information." Alexander v. Peffer, 993 F.2d 1348, 1350 (8th Cir. 1993).

The picture was part of the Plaintiff's criminal record. Criminal records are public and there is no right to confidentiality with respect to those records. Eagle, 88 F.3d at 625.

Similarly, once Plaintiff filed the complaint about his religious rights being violated, it became public record. Thus, anything in the complaint was no longer private.

### III. CONCLUSION

For the reasons set forth above, I recommend that this case be dismissed as all claims asserted are frivolous or fail to state claims upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)- (iii) (in forma pauperis action may be dismissed on such grounds at any time).

To the extent the complaint asserts any state law claims, I recommend that the Court decline to retain supplemental jurisdiction over such claims. 28 U.S.C. § 1367(c)(3).

The dismissal of this case will constitute a strike under 28 U.S.C. § 1915(g). The Clerk should be directed to place a strike flag on the case.

**The Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 17th day of June 2015.

　　　　　　　　　　　　　　　　　　　　/s/ *Erin L. Setser*
　　　　　　　　　　　　　　　　　　　　HON. ERIN L. SETSER
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)