IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BOBBY DWAYNE WILLIAMS                                                    PLAINTIFF

V.                                    CASE NO.: 5:14-CV-05257

STAFF REPORTERS OF
THE NORTHWEST ARKANSAS TIMES                                DEFENDANT

ORDER

On June 17, 2015, the Honorable Erin L. Setser, United States Magistrate Judge for the Western District of Arkansas, submitted a Report and Recommendation ("R & R") (Doc. 11) following the pre-service screening of Plaintiff Bobby Dwayne Williams' Amended Complaint. According to the Amended Complaint, Williams believes his constitutional rights were violated when a "staff report" appearing in *The Northwest Arkansas Times* described a lawsuit that Williams had filed concerning the alleged violation of his religious rights during his incarceration at the Washington County Detention Center. The article included Williams' photograph, which was part of his criminal record, and also quoted portions of the complaint he had filed in the underlying lawsuit, which was part of the public record. As relief, Williams requests compensatory and punitive damages, as well as an apology.

The Magistrate Judge appropriately recommends dismissal of this case because, given the facts recounted in the Amended Complaint, the newspaper and its reporters did not act under color of State law, and thus are not State actors liable for violating Williams' constitutional rights. An individual may bring a lawsuit against a private actor for the

violation of his constitutional rights, provided that the private actor is a person or entity that operated "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . ." 42 U.S.C. § 1983. Given the facts viewed in the light most favorable to Williams, the staff reporters of this newspaper cannot be sued for any alleged violation of Williams' constitutional rights pursuant to § 1983. Moreover, "claims for defamation and slander are not cognizable under § 1983," regardless of the defendant involved, as "words and intents do not rise to the level of constitutional deprivations." *Miner v. Brackney*, 719 F.2d 954, 956 (8th Cir. 1983) (internal citations and quotation omitted).

The Court undertook a *de novo* review of this case in light of the Objection (Doc. 12) filed by Williams on June 24, 2015. After considering Williams' Objection, the Court finds that it offers neither fact nor law that would justify departing from the Magistrate Judge's recommendation. In particular, Williams fails to address the Magistrate Judge's conclusion that the unnamed staff reporters of the newspaper did not act under color of law in merely reporting on a lawsuit Williams filed. Williams' Objection is therefore overruled, and the Magistrate Judge's R & R (Doc. 11) is **ADOPTED IN ITS ENTIRETY**.

**IT IS ORDERED** that the case is **DISMISSED WITHOUT PREJUDICE** due to frivolousness or for failure to state claims upon which relief may be granted.

**IT IS FURTHER ORDERED** that, to the extent the Amended Complaint asserts any State law claims, the Court in its discretion declines to retain supplemental jurisdiction over them. *See* 28 U.S.C. 1367(c)(3).

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the dismissal of this case will constitute a strike

2

under 28 U.S.C. § 1915(g). The Clerk is directed to place a strike flag on the case.

**IT IS SO ORDERED** on this 2nd day of October, 2015.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE